**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **WALESKA A. VELEZ, ET AL.,** | ) | **CASE NO.1:13CV1022** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CUYAHOGA METROPOLITAN** | ) | **OPINION AND ORDER** |
| **HOUSING AUTHORITY, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

Before the Court is Defendant's, Priscilla Pointer-Hicks, Renewed Motion to Dismiss for Failure to State a Claim, filed on October 11, 2013 (ECF DKT #28).  On October 3, 2013, Plaintiffs filed their Second Amended Complaint with the Court (ECF DKT #27) (hereafter, "Complaint").  For the reasons stated below, the Court GRANTS Defendant's Renewed Motion to Dismiss for Failure to State a Claim.

Also before the Court is Defendants', CMHA and Priscilla Pointer-Hicks, Joint Motion to Dismiss Claim for Injunctive Relief, filed on October 11, 2013 (ECF DKT #29).  For the reasons stated below, the Court DENIES Defendants' Joint Motion to Dismiss Claim for Injunctive Relief.

## I. PROCEDURAL BACKGROUND

Plaintiffs, Waleska A. Velez and Kimberly M. Hatcher, allege that the fees imposed by Cuyahoga Metropolitan Housing Authority's (hereafter, "CMHA") Housing Choice Voucher Program's (hereafter, "HCVP") participating landlords on tenants are rent for purposes of rent calculations under the HCVP program.  Plaintiffs further allege that CMHA and the CMHA HCVP director, Defendant Priscilla Pointer-Hicks, are liable for failing to include such fees in their rent calculations, in violation of 42 U.S.C. §1437f(o), and 24 C.F.R. §§ 982.501-982.521. (Complaint, ¶ 1).  Plaintiffs bring their claims for declaratory, injunctive and monetary relief pursuant to 42 U.S.C § 1983.  (Complaint, ¶ 3).  Furthermore, Plaintiffs assert claims for declaratory and injunctive relief pursuant to the Supremacy Clause (Article VI, Clause 2) of the U.S. Constitution.  (Complaint, ¶ 3).

## II. FACTS

According to the Complaint, Plaintiffs individually entered into leasing arrangements involving CMHA and the Loganberry Ridge residences, managed by the K&D rental company. (Complaint, ¶ 37).  These arrangements provided that Plaintiffs would enter into a lease with the owner of the property, so long as CMHA approved the lease.  (Complaint, ¶ 20).  The lease was required to have a HCVP addendum.  (Complaint, ¶ 21).  The arrangement further provided that CMHA would enter into a housing assistance payments contract regarding these tenancies. (Complaint, ¶ 22).  These contracts provided that CMHA would make the housing assistance payments to the owner on behalf of the tenant.  (Complaint, ¶ 22).

K&D rental company provided for certain rental rates for lease terms amounting to one year.  (Complaint, ¶ 37).  As stated in the initial lease agreements between K&D and Plaintiffs, if

2

the tenancy continued beyond the first initial year long period, the nature of the lease would automatically switch to a month-to-month lease arrangement, unless the parties executed subsequent lease agreements.  (Complaint, ¶ 37).  K&D also allowed tenants to extend their leases for periods of less than a full year lease term (hereafter, "short-term lease").  (Complaint, ¶ 38).  However, for these month-to-month and short-term lease arrangements, K&D imposed month-to-month fees and short-term lease fees, respectively.  (Complaint, ¶¶ 37, 38).  Consequently, when Plaintiffs switched from their full year term leases to month-to-month or short-term leases, after the expiration of their initial year term lease agreements, they were subject to month-to-month or short-term lease fees.  During the times the month-to-month and short-term lease arrangements were in effect, CMHA continued to pay only the stated "rental" payment, not including the additional fees effective under these arrangements.  (Complaint, ¶¶ 47, 88).

Velez stayed in her Loganberry Ridge residence from February 4, 2013 through March 28, 2013, beyond the expiration of her initial lease term.  (Complaint, ¶ 45).  Upon expiration of the initial lease term, K&D's automatic lease renewal provision placed Velez in a month-to-month lease arrangement.  (Complaint, ¶ 44).  Accordingly, K&D imposed two months worth of its $100 per month, month-to-month fee on Velez.  (Complaint, ¶ 49).  During these two months, CMHA paid the previous rental rate of $845 per month and did not pay for the month-to-month fees.  (Complaint, ¶ 48).  Velez has not paid the $200 in month-to-month fees to K&D and K&D is now seeking recovery of those fees from Velez.  (Complaint, ¶ 51).

Similarly, Hatcher entered into several different lease arrangements between 2005 and 2012.  (Complaint, ¶ 54).  During this time, Hatcher entered into year-long lease terms with K&D

3

with the exception of a period from November 1, 2007 to October 1, 2008, and from October 1, 2011 to August 12, 2012. (Complaint, ¶¶ 77, 82). During the November 1, 2007 to October 1, 2008 time period Hatcher entered into a lease agreement for November 1, 2007 to November 30, 2007, to continue month-to-month thereafter until October 1, 2008. (Complaint, ¶ 67). During this time period, K&D imposed a $75 fee for the monthly lease term of November 2007 and $100 fees for the continued month-to-month arrangement for the months of March, June, August, and September. (Complaint, ¶ 82). In October 2011, Hatcher entered into a short-term lease agreement covering October 1, 2011 through June 30, 2012. (Complaint, ¶ 82). This short-term lease agreement included the automatic renewal provision which provided any tenancy beyond this rental period would automatically switch over to the month-to-month arrangement and the month-to-month fees would be invoked. (Complaint, ¶ 85). Under this short-term lease agreement, K&D included a $35 per month short-term lease fee for the covered time period. (Complaint, ¶ 83). Hatcher stayed in the residence past the short-term lease period until August 12, 2012. (Complaint, ¶ 86). Consequently, K&D also imposed a $100 month-to-month fee for July and a $19.35 month-to-month fee prorated for the amount of time Hatcher stayed into August. (Complaint, ¶ 87). Hatcher has satisfied each of these month-to-month and short term lease fees with K&D either by timely payment or subsequent settlement. (Complaint, ¶ 92).

### III. ISSUE

Defendants filed two Motions for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Defendants filed an initial Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6), as to Defendant, Priscilla Pointer-Hicks on June 20, 2013, and a renewal of this Motion on October 11, 2013. (Respectively, ECF DKT Nos. 11, 28). Specifically, Pointer-Hicks asserts that the Court

4

should dismiss the claims against her both in her individual and official capacities.  Plaintiffs

filed a Brief in Opposition on October 31, 2013, stating that they do not object to the dismissal of

the official capacity claims and pointing to specific factual allegations which they believe support

the individual capacity claims against Pointer-Hicks, discussed below.  (ECF DKT #31).

Defendant filed a Reply to Plaintiffs' Brief in Opposition on November 7, 2013, which, in large

part, merely restated their original arguments.  (ECF DKT #33).

Defendants' second Motion to Dismiss pertains to Plaintiffs' injunctive relief claims.

Defendants filed a Joint Motion to Dismiss Claim for Injunctive Relief on October 11, 2013

(ECF DKT #29).  Specifically, Defendants assert that since the Plaintiffs no longer live in the

relevant rental units, and thus, are no longer subject to the month-to-month and short-term lease

fees, that their requests for reimbursements of such fees incurred in the past are strictly monetary

in nature and accordingly, a request for an injunction is improper.  Plaintiffs filed a Brief in

Opposition on October 31, 2013, stating four reasons supporting their injunctive relief claims,

discussed below.  (ECF DKT #32).  Defendants filed a Reply to Plaintiffs' Brief in Opposition on

November 7, 2011, essentially asserting that Plaintiffs' reasons fail to meet the requirements to

sustain an injunctive relief claim - there is no adequate remedy at law or threat of irreparable

harm.  (ECF DKT #34).

### IV. LAW AND ANALYSIS

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as

true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-

94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
> "short and plain statement of the claim showing that the pleader is entitled to

relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* At 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* At 570.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a Defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557.  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

6

**A. Plaintiffs' Official Capacity Suit against Pointer-Hicks**

Pointer-Hicks asks the Court to dismiss the official capacity claim against her in her capacity as the Director of the HCVP Program at CMHA.  Plaintiffs have sued both CMHA and Pointer-Hicks in her official capacity.  Defendants correctly observe that "a suit against a public employee in her official capacity must be treated as a suit against the public employer itself." (Citing *Schamaeizadeh v. Cuningan*, 338 F.3d 535, 556 (6th Cir. 2003); *Claybrook v. Birchwell*, 199 F.3d 350, note 4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). Plaintiffs do not object to dismissing the official capacity claims, provided that the duplicative nature of those claims only causes the dismissal of the official capacity claims and Plaintiffs can maintain the right to prosecute their claims against CMHA.  Accordingly, the Court grants Priscilla Pointer-Hicks' Motion to Dismiss Plaintiffs' official capacity claim.  Plaintiffs' claims against CMHA remain.

**B. Plaintiffs' individual capacity claim against Pointer-Hicks**

Plaintiffs also bring a § 1983 claim against Pointer-Hicks in her individual capacity. Defendants contend that Plaintiffs' Complaint fails to attribute the requisite factual allegations to Pointer-Hicks specifically.  Defendants further argue that Plaintiffs merely identifying Pointer-Hicks as the Director of the HCVP Program, acting in that position during the relevant times, and the consistent referral throughout the Complaint to "Defendants" globally, is insufficient to meet the requirements of *Iqbal* and *Twombly*: "to plead some operative facts that would create liability in her individual capacity."  (ECF DKT #28, at 2).  Plaintiffs counter, stating that Defendants' contentions ignore the fact that the term "Defendants" is defined as CMHA and Pointer-Hicks collectively in its Complaint; thus, each factual allegation throughout applies to both parties.

7

Plaintiffs state in their Brief in Opposition that "[a]t their core, these factual allegations are that: (1) Defendant Pointer-Hicks established a policy and practice of not treating the month-to-month fees and short-term lease fees as part of the contract rent under the HCVP; (2) Defendant Pointer-Hicks was the CMHA official with the final decision making authority for establishing and implementing this policy and practice; and (3) as a result of this policy and practice, Defendant Pointer-Hicks denied Plaintiffs [sic] HCVP rent subsidy benefits."  (ECF DKT # 31, at 5-6). However, Plaintiffs' Complaint does not include these particular factual allegations, or any such similar factual allegations as to Pointer-Hicks.

Plaintiffs' contention that each factual allegation applies to both CMHA and Pointer-Hicks is insufficient to establish the requisite personal action allegations to survive a motion to dismiss for the personal liability claim.  The Sixth Circuit has previously analyzed the sufficiency of personal liability claims under §1983, finding that "a defendant cannot be held liable . . . absent a showing that the defendant was personally involved in some manner in the [alleged unlawful conduct]."  *Bassham v. Hodge*, 1:11-0013, 2011 WL 5117783 (M.D. Tenn. Oct 27, 2011)(citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)); see also *Turner v. Hall*, 3-12-0847, 2013 WL 2181353 (M.D. Tenn. May 20, 2013)).  Furthermore, the Sixth Circuit has provided that "[t]o survive the motion to dismiss, the plaintiff must show that his complaint sets forth factual allegations that Defendants . . . personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly [unlawful conduct]."  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiffs' contention that each factual allegation applies to both Defendants fails the personal involvement requirements.  The only facts alleged specifically to Pointer-Hicks in Plaintiffs'

8

Complaint are that she: (1) has the authority and duty to administer and supervise the CMHA HCVP; and (2) has the final decision making authority for CMHA relative to CMHA actions and omissions alleged in [the Complaint].  (ECF DKT #27, at ¶ 13).  Merely stating that Pointer-Hicks has the authority to perform specific job functions does not mean that they allege that she actually participated, authorized, approved or knowingly acquiesced in those specific job functions.  These contentions do not reach the level of personal actions.  This conclusion is further evidenced later in Plaintiffs' Complaint, where Plaintiffs provided that "[w]ith respect to each allegation in this Complaint concerning an action or failure to act of CMHA or Defendant Pointer-Hicks (*or any other CMHA official, employee, or agent*), CMHA, Defendant Pointer-Hicks, (*or any other CMHA official, employee, or agent*) acted or failed to act pursuant to a CMHA policy or custom and/or pursuant to a decision of the person who has final decision-making authority for CMHA relative to the particular action or failure to act."  (emphasis added) (ECF DKT #27, at ¶ 14).  This statement provides that each action, or failure to act, alleged in the Complaint could be attributed to any number of people within CMHA.  Thus, Plaintiffs concede the possibility that Pointer-Hicks did not perform any of the alleged actions.

The Sixth Circuit has held, regarding personal liability claims based on Defendants with supervisory job positions, that "supervisory positions as administrators and their right to control employees cannot form the basis for a claim of individual liability against them because the theory of respondeat superior does not support a claim under Section 1983."  *Phillips v. Roane Cnty., Tenn*., 534 F.3d 531, 543 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson Cnty*., 668 F.2d 869, 872 (6th Cir. 1982).  Therefore, Plaintiffs' attempt to assert that Pointer-Hicks is personally liable because of her "authority and duty to administer

9

and supervise the CMHA HCVP" is without merit.

Plaintiffs can not assert that, in the absence of factual allegations establishing Pointer-Hicks' personal actions constituting §1983 individual liability, she is still liable for any failure to act to correct CMHA's allegedly illegal policy.  The Sixth Circuit has held that "[s]upervisory liability under §1983 does not attach when it is premised on a mere failure to act." *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  Therefore, since Plaintiffs have failed to establish Pointer-Hicks took any personal action which violates federal public housing laws, the Court dismisses the personal liability claims against Pointer-Hicks.

## C. Plaintiffs' injunctive relief claim

Plaintiffs provide four reasons why the Court should allow them to bring an injunctive relief claim in addition to a monetary relief claim.  Plaintiffs' first reason only pertains to Velez.  Velez has not yet paid any of the month-to-month fees the K&D Group imposed on her and without such injunctive relief, K&D can secure a monetary judgment against Velez for the unpaid fees.  Second, Plaintiffs' argue that in the past, where a public housing authority wrongfully computes federal rent subsidy benefits and tenants are consequently charged an improper rent amount, courts have held that tenants have a restitution claim (i.e., injunction claim) to recover those benefits.  Plaintiffs' third reason is that in Cuyahoga County, landlords impose month-to-month and short-term lease fees as an industry practice and thus, only injunctive relief would preclude Plaintiffs from being subjected to such fees again in the future.  Finally, Plaintiffs' claim that a loss of HCVP benefits for month-to-month and short-term lease fees causes irreparable harm on low income families, like Plaintiffs, which a later entry of a

10

money judgment cannot adequately compensate. (ECF DKT #32, at 3-5).

Defendants' Reply asserts that despite Plaintiffs' claims, the nature of their request remains monetary rather than injunctive.

Both parties' arguments incorrectly focus on the merits of an injunctive relief claim, rather than what is legally necessary in order to sufficiently plead a demand for injunctive relief. The parties have failed to recognize that "[r]egardless of how Plaintiffs have labeled their request for an injunction, it is not a free standing claim, it is a form of relief that can be requested . . . As such, the Plaintiffs' request for an injunction must be pled according to Fed.R.Civ.P. 8(a)(3), which requires only 'a demand for relief sought,' not the more stringent standard of Fed.R.Civ.P. 8(a)(2)." *Lewis v. Ceralvo Holdings, LLC,* 4:11-cv-00055-JHM, 2012 WL 32607 (W.D. Ky. Jan. 6, 2012). Thus, by establishing their request for declaratory, monetary and injunctive relief in their Complaint, Plaintiffs have sufficiently pled for injunctive relief. The Court is not required to rule on the merits of the injunctive relief demand at this time. Accordingly, the Court denies Defendants' Joint Motion to Dismiss Claim For Injunctive Relief.

## V. CONCLUSION

For the above stated reasons, the Court dismisses both the official and individual capacity claims against Defendant Priscilla Pointer-Hicks. Accordingly, the Court GRANTS Defendant Pointer-Hicks' Renewed Motion to Dismiss for Failure to State a Claim (ECF DKT#28). Furthermore, the Court DENIES Defendants' Joint Motion to Dismiss Claim for Injunctive Relief (ECF DKT #29).

11

IT IS SO ORDERED.


           /S/Christopher A. Boyko
          CHRISTOPHER A. BOYKO
          United States District Judge